UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA D. ELLIOTT,<br><br>Plaintiff,<br><br>v.<br><br>DWIGHT E. LISLE, ALEXANDRIA NOELLE ALLEN, MICHAEL P. HODES, KIMBERLY GONZALEZ, ROE CORPORATIONS 1-50, and DOES 1-50,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-26-CV-2376-XR (HJB) |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the status of the above case, which was automatically referred to the undersigned for disposition of Plaintiff's application to proceed *in forma pauperis* ("IFP") and for review under 28 U.S.C. § 1915(e), pursuant to this Division's June 30, 2025, Standing Order.[1] (*See* Text Entry dated Apr. 10, 2026.) For the reasons set out below, I recommend that the case be **DISMISSED** for failure to state a plausible claim for relief over which this Court has jurisdiction.

In IFP cases like this one, the Court must "dismiss the case at any time" if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). And the Court must dismiss a case if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). A complaint fails to state a claim when it does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

[1] The Order is available via the following permanent link: https://perma.cc/8ASX-URDC.

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While the complaint need not be excessively detailed, it must contain enough factual allegations to "raise a right to relief above a speculative level." *Twombly,* 550 U.S. at 555. This requires more than just "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement," *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (citation modified)

In this case, Plaintiff filed her *pro se* complaint on April 10, 2026. (*See* Docket Entry 1-1.) The complaint was extensive; it spanned 90 typewritten pages and included 466 numbered paragraphs. Plaintiff, a Texas citizen, named as Defendants her estranged husband and his lawyer, who are both citizens of Georgia; her husband's paramour Alexandria Allen, who also appears to be domiciled outside Texas; and Kimberley Gonzales, a Texas citizen. (*Id.* at 2.) The complaint presented numerous claims concerning her marital difficulties and related divorce proceedings—presumably pending in Texas and Georgia state courts. It sets out one federal and four state causes of action: (1) civil rights claims under 42 U.S.C. §§ 1983, 1985(2), and 1986; (2) intentional infliction of emotional distress and civil conspiracy; (3) abuse of process and simulating legal process; (4) state law fraud-related claims; and (5) interference with marriage, property, and separation contracts. (*Id.* at 30–88.)

On May 7, 2026, the undersigned issued an Order granting Plaintiff leave to proceed IFP but requiring that she amend her pleading to address several deficiencies in her original complaint.

(Docket Entry 3.) As the Order explained, the complaint as originally drafted failed to present any claim for relief over which this Court could exercise subject matter jurisdiction. (*Id.* at 2–5.)

With regard to her § 1983 claims, Plaintiff was required to (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 260 (5th Cir. 2008); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Because § 1983 is inapplicable unless the defendant was "acting under the color of state law," the conduct of private parties is generally excluded from the statute's purview. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). The only Defendant in this case who could even conceivably have acted under color of state law would be the lawyer representing Plaintiff's husband, as an officer of the court. (Docket Entry 1-1, at 2.) But "[t]he law is clear that a private attorney who merely represents a client in a civil proceeding . . . does not act under the color of state law" for purposes of § 1983 liability. *Dolenz v. Akin*, No. 3:95-CV-1605-P, 1997 WL 21388, at *3 (N.D. Tex. Jan. 14, 1997) (collecting cases), *aff'd*, 129 F.3d 612 (5th Cir. 1997) (per curiam). Indeed, "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). And while "private persons, jointly engaged with state officials" may act under color of state law for purposes of § 1983, "being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28 (1980).

Plaintiff likewise failed to state claims under 42 U.S.C. §§ 1985(2) and 1986. The first provision of § 1985(2) prohibits conspiracies to interfere with the federal court system. *Seeley v.*

*Bhd. of Painters, Decorators & Paper Hangers of Am.*, 308 F.2d 52, 58 (5th Cir. 1962); *Kush v. Rutledge*, 460 U.S. 719, 727 (1983). Because Plaintiff alleged "a conspiracy involving the state, rather than the federal, judicial process, [she] has not presented a cognizable claim pursuant to § 1985(2)." *Roebuck v. Diamond Detective Agency*, 484 F. App'x 976, 978 (5th Cir. 2012). The second provision of the statute prohibits conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection. But this provision requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" motivating the conspirators. *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, and 11*, 16 F.4th 1144, 1155 (5th Cir. 2021). Plaintiff made no such allegation. And finally, because § 1986 liability is predicated on a violation of § 1985, Plaintiff's § 1986 claim necessarily failed as well. *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.3 (5th Cir. 1998).

With regard to Plaintiff's state-law claims, such claims may be presented in federal court only when no defendant is a citizen of the same state as the plaintiff and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.[2] Plaintiff's cause of action for intentional infliction of emotional distress and civil conspiracy are asserted against Gonzalez—a non-diverse Defendant. (Docket Entry 1-1, at 47.) As to her other claims, even assuming diversity jurisdiction, federal courts normally leave "delicate issues of domestic relations to the state courts." *Estate of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009). Accordingly, under the domestic-relations

[2] As Plaintiff's complaint notes, when the Court has jurisdiction over federal claims in a case, it may exercise supplemental jurisdiction over sufficiently related state-law claims pursuant to 28 U.S.C. § 1367. (*See* Docket Entry 1-1, at 3.) But the general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed. *See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989); 28 U.S.C. § 1367(c)(3) (providing that courts "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

exception, federal courts lack jurisdiction to "issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Even where the elements of the domestic-relations exception are not precisely met, the Court should abstain from interfering in ongoing family-law disputes. *See, e.g., Burford v. Sun Oil Co*., 319 U.S. 315 (1943); *Peterson v. Peterson*, No. 4:18-CV-4837, 2019 WL 8017862, at *7 (S.D. Tex. Oct. 30, 2019) (recommending dismissal of divorce and property dispute under *Burford*), *report and recommendation adopted*, 2020 WL 883224 (Feb. 21, 2020). And if Plaintiff's state court divorce proceedings are already complete and a final judgment has been entered, then any challenge to the state court's rulings would be barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005) (discussing *Rooker-Feldman* doctrine); *Runnels v. Charles*, No. 6:20-CV-126, 2020 WL 1897367, at *2 (E.D. Tex. Mar. 18, 2020) ("Federal courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support."), *report and recommendation adopted*, 2020 WL 1891717 (Apr. 16, 2020).

Despite the numerous deficiencies in her complaint, Plaintiff was entitled as a *pro se* litigant to an opportunity to amend her complaint to state a plausible claim. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Accordingly, the undersigned ordered that Plaintiff amend her complaint to state a plausible claim for relief on or before June 8, 2026. (Docket Entry 3, at 5.) Plaintiff asked for an extension of time to amend her complaint, which the Court granted, extending her deadline to July 10, 2026. (Docket Entry 5; Text Order June 11, 2026.) That extended deadline lapsed over a month ago, without any additional filing from Plaintiff

Considering that Plaintiff's complaint failed to state a claim for relief over which the Court has jurisdiction, and her failure to amend her complaint despite being afforded months to do so, it would appear that she is "unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Dismissal is therefore appropriate in this case. *See Duncan v. United States*, 432 F. App'x 963, 966 (5th Cir. Aug. 4, 2011) (affirming dismissal for failure to amend complaint as ordered).

**Conclusion and Recommendation**

For the foregoing reasons, I recommend that Plaintiff's complaint (Docket Entry 4) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Notice of Right to Object**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on August 11, 2026.

Henry J. Bemporad
United States Magistrate Judge