**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JESSICA D. ELLIOT,<br>*Plaintiff*<br><br>v.<br><br>DWIGHT ERIC LISLE, ALEXANDRIA NOELLE ALLEN, MICHAEL P. HODES, KIMBERLY GONZALEZ, ROE CORPORATIONS 1-50, DOES 1-50,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. SA-26-CV-02376-XR |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed August 11, 2026, recommending that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 6. After careful consideration, the Court **ADOPTS** the recommendation in full.

Plaintiff filed her *pro se* complaint on April 10, 2026, seeking leave to proceed *in forma pauperis* ("IFP"). ECF No. 1-1. The complaint was extensive, spanning 90 typewritten pages and 466 numbered paragraphs. Plaintiff, a Texas citizen, named as Defendants her estranged husband and his lawyer, who are both citizens of Georgia; her husband's paramour Alexandria Allen, who also appears to be domiciled outside Texas; and Kimberley Gonzales, a Texas citizen. *Id.* at 2. The complaint presented numerous claims concerning her marital difficulties and related divorce proceedings—presumably pending in Texas and Georgia state courts. It sets out one federal and four state causes of action: (1) civil rights claims under 42 U.S.C. §§ 1983, 1985(2), and 1986; (2) intentional infliction of emotional distress and civil conspiracy; (3) abuse of process and simulating legal process; (4) state law fraud-related claims; and (5) interference with marriage, property, and separation contracts. *Id.* at 30–88.

The Magistrate Judge issued an Order granting Plaintiff leave to proceed IFP but requiring that she amend her pleading by June 8, 2026, to address several deficiencies in her original complaint. *See* ECF No. 3. Specifically, the Magistrate Judge noted that Plaintiff had failed to state a claim for any civil rights violations under 42 U.S.C. §1983, 1985, or 1986, and that the Court appeared to lack subject matter jurisdiction over her state-law claims. ECF No. 3 at 2–5.

Plaintiff asked for an extension of time to amend her complaint, which the Magistrate Judge granted, extending her deadline to July 10, 2026. *See* ECF No. 5; Text Order June 11, 2026.

A month after that extended deadline expired without any additional filing from Plaintiff, the Magistrate Judge recommended that the Court dismiss the matter for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that, in IFP cases like this one, the Court must "dismiss the case at any time" if it determines that the complaint "fails to state a claim on which relief may be granted." *See* ECF No. 6.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on August 12, 2026. ECF No. 7. No objections have been filed, and the time to do so has expired.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

[1] When a party may or must act within a specified time after being served by mail under Rule 5(b)(2)(C), three days are added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d).

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's case is **DISMISSED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Jessica D. Elliot, 12901 Hunters Arrow St., San Antonio, TX 78230.

It is so **ORDERED**.

**SIGNED** this 1st day of September, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE